STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

William L. ANDERSON, Respondent.

SCBD No. 4059.

Supreme Court of Oklahoma.

May 23, 1995.

Rule 8 Application for Resignation; Application Approved; Respondent's Name Stricken from Roll of Attorneys.

Dan Murdock, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

William L. Anderson, Oklahoma City, for respondent.

LAVENDER, Justice.

This matter is before the Court for consideration of complainant's application to approve the resignation of respondent, William L. Anderson from membership in the Oklahoma Bar Association pending disciplinary proceedings and/or investigation into alleged misconduct. Upon consideration of the matter we find:

1. Respondent executed his resignation on February 27, 1995;

2. Respondent's resignation was freely and voluntarily tendered, he was not subject to coercion or duress, and he was fully

aware of the consequences of submitting his resignation;

3. Respondent was aware of a grievance lodged against him with the Office of the General Counsel of the Oklahoma Bar Association, said grievance being presently investigated, to wit: DC 95–44—grievance alleging that respondent was convicted of bribery in the United States District Court for the Western District of Oklahoma in Case No. CR–93–137A on February 24, 1995;

4. Respondent is aware that the allegations concerning his conduct specified in paragraph three (3) above, if proven, would constitute violations of Rule 8.4, Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A and Rule 1.3, Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

5. Respondent acknowledges that as a result of his conduct the Client Security Fund may receive claims from his former clients and he agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amount and the applicable statutory interest prior to filing any application for reinstatement.

6. Respondent recognizes and agrees he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of our approval of his resignation;

7. Respondent has agreed to comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and he acknowledges he may be reinstated to practice law only upon compliance with the conditions and procedures prescribed by Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A;

8. The resignation pending disciplinary proceedings of respondent is in compliance with Rule 8.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A;

9. Respondent's name and address appears on the official roster maintained by the Oklahoma Bar Association as follows:

William L. Anderson, OBA # 0293, 5809 N. Barnes, Oklahoma City, Oklahoma 73112;

10. No costs have been incurred by complainant in this matter.

11. Respondent's resignation should be approved.

12. Our Order accepting the resignation of respondent is effective as of February 28, 1995, the date the application for approval of his resignation was filed in this Court.

It is therefore **ORDERED** complainant's application is approved and respondent's resignation is accepted and approved effective February 28, 1995.

It is further **ORDERED** respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from February 28, 1995, the effective date of his resignation and this Court's approval thereof.

It is further **ORDERED** respondent comply with Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

All Justices concur.